1  MICHAEL L. TRACY, ESQ., SBN 237779
   MTRACY@MICHAELTRACYLAW.COM
2  MEGAN E. ROSS, ESQ., SBN 227776
3  MROSS@MICHAELTRACYLAW.COM
   LAW OFFICES OF MICHAEL TRACY
4  2030 Main Street, Suite 1300
5  Irvine, CA  92614
   T: (949) 260-9171
6  F: (866) 365-3051
7
8  Jose R. Garay, Esq., SBN 200494
   jgaray@garaylaw.com
9  JOSE GARAY, APLC
10 9861 Irvine Center Drive
   Irvine, California 92618
11 Telephone: (949) 208-3400
   Fax:   (949) 713-0432
12
13 Attorneys for Plaintiffs Charles Hill and Joe Correa

14

15                    **UNITED STATES DISTRICT COURT**

16                    **CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| CHARLES HILL, AN INDIVIDUAL; AND JOE CORREA, AN INDIVIDUAL on behalf of themselves and all other similarly situated;<br><br>             Plaintiffs,<br><br>      vs.<br><br>ANHEUSER-BUSCH INBEV WORLDWIDE INC., A DELAWARE CORPORATION;<br><br>             Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, OVERTIME UNDER THE FLSA, MINIMUM WAGE VIOLATIONS,   AND UNFAIR BUSINESS PRACTICES**<br><br><br>**DEMAND FOR JURY TRIAL** |

27 Plaintiff, CHARLES HILL, alleges:

28

# JURISDICTION

1.   This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2.   This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a).  The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful.  The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful.  As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

# VENUE

3.   This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the County of Los Angeles, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

# PARTIES

4.   Plaintiff CHARLES HILL ("HILL") was employed by Defendant from about June 1, 1999 through the present

5.   Plaintiff JOE CORREA ("CORREA") was employed by Defendant from 1985 through the present

6.   Defendant ANHEUSER-BUSCH INBEV WORLDWIDE INC. ("INBEV") is a Delaware corporation doing business in the County of Los Angeles, State of California.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

# GENERAL ALLEGATIONS

7. INBEV is a distributor of alcoholic beverages, primarily under the Anheuser-Bush name.

8. HILL and CORREA are drivers for INBEV.  They seek to represent a class of Drivers, as defined below, for various labor violations.

9. The Drivers' typical day involved picking up alcoholic beverages from a storage facility and delivering them to retail establishments.

10. All the storage facilities are located in California.

11. All the retail establishments are located in California.

12. No route from the storage facility to a retail establishment ever leaves California.

13. The beverages shipped from out-of-state come to rest at the storage facility where INBEV intends to store then indefinitely until some future sales are completed.

14. The warehouses have cooling facilities to allow the indefinite storage of the beverages.

15. The Drivers are paid a flat rate per day plus a piece rate of approximately $0.10 per case delivered.

16. The Drivers frequently work 8-10 hour days and worked numerous 8-10 hour days within the 4 years prior to this lawsuit. The Drivers typically worked hours in excess of 40 in a week.

17. INBEV has records that show overtime hours are worked on a daily and weekly basis.

18. CORREA typically worked a 12-14 hour day, but is currently on disability. The last time CORREA worked overtime was August 2012.

19. The Drivers are not paid any overtime.

20. The Drivers are also not paid for all hours worked.  INBEV locates the

1 | clock out location in a remote location to encourage Drivers to clock out prior to
2 | finishing all their work. The Drivers routinely would clock out first and then proceed
3 | to the warehouse to finish their work duties.  This would save them a trip back to the
4 | clock-out location.

5 | 21. INBEV has records showing the routes driven by drivers and the time
6 | spent on those routes.

7 | 22. INBEV refused to allow the Drivers to take meal and rest breaks.
8 | Although INBEV had a written policy stating that the employees could take the
9 | breaks, the actual practice was to refuse to let employees take the breaks.

10 | 23. INBEV did not provide any paid rest breaks.

11 | 24. In fact, because of the payment structure, INBEV made it impossible for
12 | an employee to take a paid 10 minute rest break.

13 | 25. INBEV used the piece-rate payment structure specifically to eliminate any
14 | payments due for rest breaks.

15 | 26. That is, an employee was paid a fixed amount for delivering a load – based
16 | on $0.10 per case.  So, if an employee took a rest break, then the employee would be
17 | paid the exact same amount of money and is the employee did not take a rest break.
18 | As such, it was impossible to take a break and be paid for the time.  Any rest breaks,
19 | even if taken, were necessarily unpaid and INBEV never paid any money for rest
20 | breaks.

21 | 27. INBEV has records which show that the employees were not actually
22 | taking their breaks and would take actions against employees who tried to take
23 | breaks.

24 | **CLASS ACTION ALLEGATIONS**

25 | 28.    Plaintiffs bring this action on behalf of themselves and all others
26 | similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3).

27 | 29.    Drivers carried alcoholic beverages from a storage facility in California
28 | to retail store locations, all located within California.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1    30.    Plaintiff proposes the following Class which will be referred to as the

2  "Drivers:"

3         All truck drivers of Defendant who drove routes exclusively in

4         California during the 4 years prior to the commencement of this

5         lawsuit.

6    31.    Plaintiff proposes the following Class which will be referred to as the

7  "Rest Break Class:"

8         All truck drivers of Defendant who drove routes exclusively in

9         California during the 4 years prior to the commencement of this

10         lawsuit who were paid a flat daily rate plus a piece rate for each

11         case delivered.

12    32.    This action has been brought and may properly be maintained as a class

13  action under Rule 23 because there is a well-defined community of interest in the

14  litigation and the proposed class is easily ascertainable.

15    33.    A Class Action is a superior method for bringing this action in that there

16  is a well defined community of interest in the questions of law and fact.  Questions of

17  law and fact common to the class action include, but are not limited to:

18         a.  Whether the drivers are hauling goods in interstate commerce.

19         b.  Whether the drivers were permitted to take meal breaks.

20         c.  Whether INBEV's company wide policy of "piece-rate" payments

21            prevented employees from taking paid rest breaks.

22         d.  Whether INBEV prevented employees from taking rest breaks.

23         e.  Whether drivers performed off-the-clock work because of the remote

24            locations of the time clocks.

25    34.    Plaintiff and the Class Action Plaintiffs are similarly situated, have

26  substantially similar job duties, have substantially similar pay provisions, and are all

27  subject to Defendants' illegal labor violations.

28    35.    The claims of the Plaintiffs are typical of those of the class, and plaintiff

1  will fairly and adequately represent the interests of the class.  In particular, Plaintiffs

2  drove the same types of trucks on the same routes delivering the same types of

3  products as all the class members.  The Plaintiffs were paid under the same company

4  wide pay plan as all the class members.  The Plaintiffs had the same meal and rest

5  break policies as all the other class members.

6      36.    INBEV has not special defenses or claims against the Plaintiffs that it

7  does not have against any other class members.

8      37.    The persons of this class are so numerous that the joinder of all such

9  persons is impracticable and that disposition of their claims in a class action rather

10 than in individual actions will benefit the parties and the Court.  While the precise

11 number of proposed class members has not yet been determined, Plaintiff is informed

12 and believes that Defendants currently employ, and during the relevant time periods

13 employed, over 400 putative class members.

14     38.    The prosecution of separate actions by individual members of the Class

15 would create the risk of inconsistent and varying adjudications, establishing

16 incompatible standards of conduct for Defendants.

17     39.    The questions of law and fact common to the members of the Class

18 predominate over any questions affecting only individual member, including legal

19 and factual issues relating to liability and damages.

20      40. Class action treatment will allow those similarly situated person to litigate

21 their claims in the manner that is most efficient and economical for the parties and

22 the judicial system.  Plaintiff is unaware of any difficulties that are likely to be

23 encountered in the management of this action that would preclude its maintenance as

24 a class action.

25      41. In the event that the Court determines at the notice stage or anytime

26 thereafter that all plaintiffs and members of the class action, are not "similarly

27 situated," the definition may be modified or narrowed, and/or appropriate subclasses

28 may be established based on business unit or otherwise.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1

**COLLECTIVE ACTION ALLEGATIONS**

2    42.    Plaintiffs bring the Fourth Cause of Action for violation of the Fair

3 Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section

4 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Drivers employed within the

5 previous 3 years ("Collective Action Plaintiffs").

6    43.    The Fourth Cause of Action for violations of the FLSA is being brought

7 and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all

8 violations of the FLSA.

9    44.    A Collective Action is a superior method for bringing this action in that

10 there is a well defined community of interest in the questions of law and fact.

11 Questions of law and fact common to the collective action include, but are not

12 limited to:

13        a.  Whether Defendant failed and continues to fail to pay overtime

14            compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

15        b.  Whether the policy and practice of failing to pay overtime pay to the

16            Drivers was willful, within the meaning of the FLSA.

17        c.  Whether Defendant is subject to the provisions of the FLSA.

18    45.    Plaintiff and the Collective Action Plaintiffs are similarly situated, have

19 substantially similar job duties, have substantially similar pay provisions, and are all

20 subject to Defendants' refusal to pay proper overtime in violation of the FLSA.  The

21 claims of the Plaintiff are typical of those of the class and plaintiff will fairly and

22 adequately represent the interests of the class.

23    46.    The persons of this class of are so numerous that the joinder of all such

24 persons is impracticable and that disposition of their claims in a class action rather

25 than in individual actions will benefit the parties and the court.  In addition, each

26 class member must give his or her permission to be represented in this action under

27 the "opt-in" provisions of 29 U.S.C. § 216(b).

28    47.  In the event that the Court determines at the notice stage or anytime

-7-
CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1  thereafter that all plaintiffs and members of the collective action, as defined above,

2  are not "similarly situated," the definition may be modified or narrowed, and/or

3  appropriate subclasses may be established based on business unit or otherwise.

4  ## FIRST CAUSE OF ACTION

5  **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA**

6  **LABOR CODE**

7  **(AGAINST INBEV )**

8  48. Plaintiffs refer to and incorporates by reference Paragraphs 1 through 47.

9  49. This cause of action is brought against INBEV .

10 50. This cause of action if brought on behalf of the Drivers Class.

11 51. Pursuant to Cal. Labor Code § 1197, payment of less than the minimum

12 wage fixed by the Labor Commission is unlawful.

13 52. While employed by Defendants, Plaintiff was not paid at least the

14 minimum wage for all hours worked.

15 53. Plaintiff was not paid the proper minimum wage by Defendants for at least

16 one pay period within the three (3) years prior to initiating this lawsuit.

17 54. Defendants know or should know the pay periods in which minimum

18 wage was not paid as well as the amount of underpaid wages.

19 55. Under California Labor Code, Plaintiff is to recover the minimum wage

20 for all hours worked.

21 56. As a proximate result of the aforementioned violations, Plaintiff has been

22 damaged in an amount in excess of $2,000, and subject to proof at time of trial.

23 57. Pursuant to Labor Code §§ 218.6, 1194, and California Code of

24 Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the

25 nonpayment of the minimum wage for all hours worked, interest, reasonable

26 attorney's fees and costs of suit.

27 58. Pursuant to Labor Code § 1194.2, Plaintiff is entitled to recover an

28 additional amount equal to the unlawfully unpaid wages as liquidated damages. As

1  such, Plaintiff prays for an additional amount of $2,000.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ADEQUATE BREAK PERIODS UNDER

## CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS

## AND CALIFORNIA LABOR CODE SECTION 512

## (AGAINST INBEV )

59. Plaintiffs refer to and incorporates by reference Paragraphs 1 through 58.

60. This cause of action is brought against INBEV .

61. This cause of action if brought on behalf of the Drivers Class for missed meals and on behalf of the Rest Break Class for the missed rest breaks.

62.  Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, § 11090, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

63. Defendants failed to provide Drivers a meal period for numerous days worked.

64. Defendants failed to provide Drivers rest periods for numerous days worked.

65. Defendants know or should know the dates for each missed break period as well as the damages due.

66. Defendants failed to provide Drivers at least one meal period within the three (3) years prior to filing this lawsuit.

67. Pursuant to Labor Code § 226.7 and California Code of Regulations, Title 8, § 11090, Drivers are entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

68. Drivers are also entitled to an additional hour of pay for each day a rest period was not provided.

69. Drivers prays for damages for missed meals in an amount subject to proof

1 | at time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

## UNDER LABOR CODE SECTION 226

## (AGAINST INBEV )

70. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 69.

71. This cause of action is brought against INBEV .

72. This cause of action if brought on behalf of the Drivers Class.

73. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

74. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

75. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

76. In particular, the Drivers were permitted to clock out prior to finishing their work and then work "off-the-clock."  INBEV knew about this practice but continued to allow the Drivers to perform the work.

77. The Drivers also suffered injury from their inability to determine the amount of rest break violations due.

78. Plaintiffs suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

79. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207

## and § 216 (AGAINST ALL DEFENDANTS)

80. Plaintiffs refer to and incorporates by reference Paragraphs 1 through 79.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1    81. This cause of action is against INBEV.

2    82. This cause of action if brought on behalf of the Collective Action

3 Plaintiffs.

4    83. Plaintiff is informed and believes and hereon alleges that Defendants are

5 subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a)

6 and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½)

7 times the regular rate of  pay for hours worked in excess of forty (40) hours in a

8 week and an equal additional amount as liquidated damages, as well as costs and

9 attorney's fees.

10    84. Plaintiffs worked numerous weeks in excess of forty (40) hours.

11    85. Plaintiffs are entitled to the above overtime premiums.

12    86. Defendant failed to compensate Plaintiff for any overtime premiums.

13    87. This court has jurisdiction over this cause of action because the federal

14 statute specifically grants the employee the right to bring the action in "any Federal

15 or State court of competent jurisdiction." 29 U.S.C. § 216(b).

16    88. Plaintiff worked at least one week in which overtime premiums were not

17 paid by Defendants under the Fair Labor Standards Act within the two (2) years prior

18 to initiating this lawsuit.

19    89. Plaintiffs' individual employment is covered by the terms of the Fair

20 Labor Standards Act.

21    90. Plaintiff used equipment on the job that had previously been transported in

22 interstate commerce.

23    91. Defendant INBEV was the employer of Plaintiff, as the term "employer"

24 is defined in the Fair Labor Standards Act.

25    92. Defendant INBEV was an enterprise covered by the provisions of the Fair

26 Labor Standards Act for the entire time of Plaintiff's employment.

27    93. Defendant INBEV conducted business with a total gross sales volume in

28 excess of $500,000 for each and every twelve (12) month period in which Plaintiff

1 | was employed.

2 |     94.  Defendant INBEV employed at least two (2) employees during each and

3 | every 12 month period in which Plaintiff was employed. These employees were

4 | engaged in commerce and regularly used equipment that had been transported in

5 | interstate commerce.

6 |     95.  Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

7 |     96.  Plaintiff prays for judgment for overtime pay of $10,000.  This amount is

8 | subsumed by the overtime pay claimed in the First Cause of Action.

9 |     97.  Plaintiff prays for judgment for liquidated damages in the amount of

10 | $10,000.  This amount is supplemental to the relief requested in all other causes of

11 | action.

12 |     98.  Plaintiff prays for costs and attorney's fees.

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

### CODE SECTION 17200

### (AGAINST INBEV )

17 | 99. Plaintiff refers to and incorporates by reference Paragraphs 1 through 98.

18 | 100.  This cause of action is brought against INBEV.

19 | 101.  This cause of action if brought on behalf of the Drivers Class.

20 | 102.  By failing to pay overtime premiums and minimum wage, Defendants'

21 | acts constitute unfair and unlawful business practices under Business and Professions

22 | Code § 17200, et seq.

23 | 103.  By failing to provide adequate meal and rest breaks, Defendants' acts

24 | constitute unfair and unlawful business practices under Business and Professions

25 | Code § 17200, et seq.

26 | 104.  By failing to pay at least the minimum wage, Defendants' acts constitute

27 | unfair and unlawful business practices under Business and Professions Code §

28 | 17200, et seq.

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1    105.  Plaintiff HILL prays for restitution under this Cause of Action in an
2  amount subject to proof at time of trial.

3
**WHEREFORE**, Plaintiff prays for the following relief:
4

5        1.  That this action be certified as a class action.

6        2.  That this action be certified as a collective action.

7        3.  Class  damages  subject  to  proof,  but  in  an  amount  in  excess  of
8    $5,000,000.

9        4.  Damages for overtime not paid to Plaintiff HILL in an amount in excess
10    of $10,000 and subject to proof at trial.

11        5.  For liquidated damages in the amount in excess of $10,000 and subject
12    to proof at trial.

13        6.  Damages for minimum wage not paid to Plaintiff HILL in an amount in
14    excess of $2,000 and subject to proof at trial.

15        7.  Liquidated Damages for minimum wage not paid to Plaintiff HILL in an
16    amount in excess of $2,000 and subject to proof at trial.

17        8.  Damages for meal premiums not paid to Plaintiff HILL in an amount
18    subject to proof at trial.

19        9.  For damages and penalties under Labor Code § 226 for Plaintiff HILL
20    in an amount subject to proof at trial.

21        10.      For restitution and disgorgement for all unfair business practices
22    against Plaintiff HILL in an amount subject to proof at trial.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS

1     11.     For prejudgment and post judgment interest.

2     12.     Cost of suit.

3     13.     Attorneys' fees.

4     14.     For such other and further relief as the court may deem proper.

5

6   DATED:  August 7, 2014          LAW OFFICES OF MICHAEL TRACY

7

8

9                                   By:   _____

10                                  MICHAEL TRACY, Attorney for Plaintiffs
                                    Charles Hill and Joe Correa
11

12                      **DEMAND FOR JURY TRIAL**

13

14   Plaintiff demands a jury trial.

15

16   DATED:  August 7, 2014          LAW OFFICES OF MICHAEL TRACY

17

18

19

20                                  By:   _____

21                                  MICHAEL TRACY, Attorney for Plaintiffs
                                    Charles Hill and Joe Correa

22

23

24

25

26

27

28

-14-
CLASS ACTION COMPLAINT FOR LABOR VIOLATIONS